IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN RICE, )<br>      Plaintiff, )<br>vs. )<br>    )<br>PRODUCT DEVELOPMENT )<br>CORPORATION, et al., )<br>      Defendants. ) | No. 3:05-CV-0959-P |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On May 11, 2005, the Court received the instant action against "Product Development Corporation and others." (Compl. at 1.) No process has been issued in this case.

Plaintiff has filed a previous federal complaint against Product Development Corporation raising the same claims that he raises in this Court. *See Rice v. Product Development Corporation*, 4:03-CV-931-A (N.D. Tex. filed Sept. 5, 2003). On November 20, 2003, the Fort Worth Division of the Northern District of Texas dismissed that previous action pursuant to 28 U.S.C. § 1915(e)(2). *See id.* (N.D. Tex. Nov. 20, 2003) (order dismissing action).

### II. PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. His complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That section provides for *sua sponte* dismissal, if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which

relief may be granted." A claim is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, courts may appropriately dismiss an *in forma pauperis* action as frivolous, when the action "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989).

One court has already dismissed a previous action by plaintiff against Product Development Corporation. That action stemmed from the same set of facts and occurrences that form the basis for the instant complaint. That plaintiff now raises claims against unidentified employees of Product Development Corporation does not alter the previous dismissal. Because plaintiff has already "unsuccessfully litigated" a previous action against Product Development Corporation based upon the same set of facts and occurrences the instant action is frivolous under *Wilson* and 28 U.S.C. § 1915(e)(2)(B).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 25th day of May, 2005.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                    IRMA CARRILLO RAMIREZ
                                                    UNITED STATES MAGISTRATE JUDGE